COMMONWEALTH *vs.* MARY F. GRIFFIN.

The punishment prescribed by the Gen. Sts. *c.* 87, § 7, for keeping a place deemed a common nuisance under § 6, was by fine not exceeding $1000 " or " imprisonment in jail not exceeding one year. The St. of 1863, *c.* 78, gave jurisdiction of such offence to police courts concurrently with the superior court, and provided in § 2 that whenever a police court should exercise final jurisdiction therein the punishment should be limited to a fine not exceeding $100 " and " imprisonment not exceeding one year in the jail or house of correction. *Held,* that this statute did not authorize police courts to punish the offence with both fine and imprisonment.

COMPLAINT for keeping a liquor nuisance in Milford ; made to the police court of Milford on December 3, 1869, under the Gen Sts. *c.* 87, §§ 6, 7, and St. of 1863, *c.* 78, as amended by the Sts. of 1865, *cc.* 269, 281, and 1866, *c.* 280.

In the superior court, on appeal, before the jury were empanelled, *Dewey,* J., overruled a motion of the defendant to dismiss the complaint on the ground that " no jurisdiction was legally conferred on the police court of Milford to take final jurisdiction of said case and to try and pass sentence on said defendant for

---

* " Every person convicted of an offence before a justice of the peace or police court may appeal from the sentence to the superior court then next to be held in the same county. The appellant shall be committed to abide the sentence of said court until he recognizes to the Commonwealth in such reasonable sum and with such sureties as the justice or court requires, with condition to appear at the court appealed to," &c.

the offence therein set forth, and so this court hath no jurisdiction of said complaint on appeal."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. B. Staples,* (*F. P. Goulding* with him,) for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

CHAPMAN, C. J. The offence for which the defendant is complained of is created by Gen. Sts. *c.* 87, §§ 6, 7.* The penalty is by fine not exceeding one thousand dollars or imprisonment not exceeding one year. The superior court had jurisdiction of the offence, while jurisdiction was conferred upon trial justices only in cases where the fine did not exceed fifty dollars and the imprisonment did not exceed six months.

By St. 1863, *c.* 78,† jurisdiction of the offence is conferred on police courts, with a provision that the fine imposed by them shall not exceed one hundred dollars and the imprisonment not one year. It is contended that this statute authorizes police courts to inflict both fine and imprisonment, and thus gives them power to inflict a severer sentence than the superior court can inflict. On this ground it is contended that the statute is unconstitutional.

Whether the statute would be void if such were its true construction, we need not consider. We do not think this is its true construction. Taken by itself it would seem to authorize both

* " SECTION 6. All buildings, places or tenements, resorted to for prostitution, lewdness, or illegal gaming, or used for the illegal keeping or sale of intoxicating liquors, shall be deemed common nuisances.

" SECTION 7. Whoever keeps or maintains such common nuisance shall be punished by fine not exceeding one thousand dollars, or imprisonment in the county jail not exceeding one year."

† " SECTION 1. The several police courts in this Commonwealth shall have concurrent jurisdiction with the superior court of all offences under the sixth and seventh sections of chapter eighty-seven of the General Statutes, and of all complaints under the common law, for the keeping and maintenance of a common, ill-governed and disorderly house.

" SECTION 2. Whenever final jurisdiction is exercised by any police court in such cases, the punishment shall be limited to a fine not exceeding one hundred dollars, and imprisonment not exceeding one year in the jail or house of correction."

fine and imprisonment, the language being conjunctive. But taken in connection with the prior statutes, it is a limiting and restrictive statute, and its intention appears to be to prescribe the limit to the fine as well as to the imprisonment, and not to authorize an increased penalty by inflicting both. This view disposes of all the objections urged against the subsequent statutes.*

*Exceptions overruled.*

---

* Section 1 of the St. of 1865, *c.* 269, provided that whenever, in the discretion of the court, the offence set forth in the Gen. Sts. *c.* 87, § 7, should be punished by a fine only, such fine should not be less than $200; and section 2 provided that the St. of 1863, *c.* 78, § 2, " is hereby so amended that the limit of punishment by fine shall be two hundred dollars, instead of one hundred dollars."

By section 1 of the St. of 1865, *c.* 281, the St. of 1863, *c.* 78, § 2, was amended "by striking out the word 'and' and substituting therefor the word 'or.'"

Section 1 of the St. of 1866, *c.* 280, enacted that "when it is provided by law that an offender shall be punished by a fine and imprisonment in the jail, or by a fine and imprisonment in the house of correction, such offender may, at the discretion of the court, be sentenced to be punished by such imprisonment without the fine, or by such fine without the imprisonment, in all cases where the offender shall prove or show to the satisfaction of the court that he has not before been convicted of a similar offence ;" and by § 3 it was provided that " whoever is convicted of any offence set forth in the eighty-seventh chapter of the General Statutes shall be punished by a fine of not less than fifty dollars nor more than one hundred dollars, and imprisoned in the house of correction not less than three nor more than twelve months, except as is provided in the first section of this act.'