*Judgment for the Commonwealth.*

---

## COMMONWEALTH *vs.* ELIZABETH RING.

Under the Gen. Sts. *c.* 116, § 13, and the St. of 1866, *c.* 280, § 3, a police or municipal court has jurisdiction of offences against the Gen. Sts. *c.* 87, §§ 6, 7.

COMPLAINT, under the Gen. Sts. *c.* 87, §§ 6, 7, dated November 22, 1872, to the Municipal Court of the city of Boston, for keeping and maintaining a tenement as a house of ill fame. The defendant was convicted and sentenced, and she appealed. In the Superior Court, after a trial and verdict of guilty, the defendant moved in arrest of judgment, for the reason that the Municipal Court had no authority to take final jurisdiction of the case or to pass sentence upon her. *Allen,* J., overruled the motion, and the defendant alleged exceptions.

*J. H. Bradley,* for the defendant.

*W. G. Colburn,* Assistant Attorney General, (*C. R. Train,* Attorney General, with him,) for the Commonwealth.

WELLS, J. The St. of 1866, *c.* 280, changed the penalty for offences under the Gen. Sts. *c.* 87, §§ 6, 7, from fine or imprisonment to fine and imprisonment. By this change of penalty, the St. of 1863, *c.* 78, which gave to police courts jurisdiction of all offences under the Gen. Sts. *c.* 87, §§ 6, 7, was rendered inoperative for that purpose ; because that statute, as construed by the court in *Commonwealth* v. *Griffin,* 105 Mass. 185, and as amended by the St. of 1865, *c.* 281, limited the power of police courts to inflict punishment, in such cases, to fine or imprisonment.

But the penalty imposed by the St. of 1866, *c.* 280, § 3, is within the general limit of jurisdiction of police courts as defined in the Gen. Sts. *c.* 116, § 13. It was probably so adjusted for the very purpose of giving police courts jurisdiction concurrently with the Superior Court, in all cases of that character. This consideration is not adverted to in the opinion in *Commonwealth* v. *Griffin*, 105 Mass. 185, but the adjudication must rest upon that ground.

The St. of 1865, *c.* 269, § 2, enlarged the jurisdiction of police courts so as to correspond with the increase in the minimum of penalty prescribed by § 1 of the same act. It is repealed by the St. of 1866, *c.* 280, and can have no bearing upon the question now before us.

This case, then, being within the general jurisdiction of the Municipal Court, that court had authority to pass sentence, and the Superior Court has full jurisdiction on appeal.

*Exceptions overruled.*