STATE ex rel. MAX BAHR v. W. J. BATES.[1]

September 18, 1908.

Nos. 15,792—(246).

**Jurisdiction of Municipal Court.**

Prior to 1904 a municipal court under the constitution had jurisdiction of only such criminal offenses as involved a punishment not exceeding a fine of one hundred dollars or imprisonment not exceeding three months. State v. West, 42 Minn. 147, followed and applied.

**Same—Violation of Ordinance.**

The Duluth charter of 1891 provided that "the common council may impose punishment for the breach of any ordinance * * * to the extent of a fine * * * and imprisonment * * * and any person fined may be imprisoned * * * until said fine shall have been paid, not to exceed in all ninety days." The ordinance of 1898, enacted under such authority, imposed for its violation a punishment of fine or imprisonment, or both. The home rule charter of 1900 subjected violators of the ordinance to fine or imprisonment and continued in force previous ordinances consistent with it. Defendant, convicted in the municipal court of keeping open a licensed saloon at a prohibited hour, sentenced to

1 Reported in 117 N. W. 844.

pay a fine, and committed to jail in default of payment, was released upon habeas corpus. It is *held*:

1. That the municipal court had no jurisdiction to try the case under the charter of 1891 and ordinance of 1898, because thereunder the offense was punishable by both fine and imprisonment.

2. That the home rule charter did not make effective that invalid legislation.

3. That the defendant was properly released.

Relator was sentenced to pay a fine of one hundred dollars after having been convicted in the municipal court of Duluth of the offense of keeping a licensed saloon open before the hour of five o'clock in the morning. In default of payment, he was committed to the county jail in the custody of defendant, the sheriff of the county. Plaintiff obtained from the district court of St. Louis county a writ of habeas corpus on the ground that the imprisonment was illegal and void because the municipal court had not jurisdiction to try the case. From an order, Dibell, J., discharging relator, defendant appealed. Affirmed.

*E. J. Kenny,* for appellant.

*McMahon & Rock,* for respondent.

AGGARD, J.

Relator, convicted in the municipal court of Duluth of the offense of keeping open a licensed saloon at a prohibited hour, was sentenced to pay a fine of one hundred dollars and costs, and upon default of payment was committed to the county jail in the custody of the sheriff. He sued out a writ of habeas corpus on the ground that the imprisonment was illegal and void, because the municipal court had no jurisdiction of the trial of the case. On hearing the relator was discharged. The sheriff then took this appeal.

Prior to November 8, 1904, the state constitution provided that "no person shall be held to answer for a criminal offense unless on the presentment or indictment of a grand jury, * * * except * * * in cases cognizable by justices of the peace. * * *" Const. art. 1, 7. The cases cognizable by justices of the peace are those where the punishment does not exceed a "fine of one hundred dollars or imprisonment not to exceed three months." Article 6, § 8.

The history of the legislation involved in this case begins with the Duluth charter of 1887. Section 6, subc. 8, c. 2, p. 96, Sp. Laws 1887, authorized the city to impose punishment for the breach of any of its ordinances to the extent of a fine not exceeding one hundred dollars and imprisonment not exceeding ninety days, or both. Under this charter two ordinances were passed. That of 1887 punished a violation for keeping open licensed saloons at prohibited times by fine and imprisonment. In 1889 it was held in State v. West, 42 Minn. 147, 43 N. W. 845, that a municipal court had no jurisdiction to try a case where the prescribed punishment may exceed three months' imprisonment and one hundred dollars fine, the limits of the jurisdiction of justices of the peace. The ordinance of 1890 inflicted a punishment by fine or imprisonment in the county jail. The charter was amended by chapter 55, p. 620, Sp. Laws 1891. As amended (section 29, p. 637) section 6 reads as follows: "The common council may impose punishment for the breach of any ordinance of the city to the extent of a fine not exceeding one hundred dollars *and* imprisonment in the city prison or county jail, not exceeding ninety days *and* any person fined may be imprisoned in the city prison or county jail until *said* fine shall have been paid, not to exceed *in all* ninety days, and may provide that the offender during such imprisonment be fed on bread and water at the discretion of the judge of the municipal court, and offenders against such ordinances may be required to give security to keep the peace and for good behavior for a period not exceeding six months and in a sum not exceeding five hundred dollars." [The italics are ours.] Under this provision the ordinance of 1898 imposed a punishment in this class of cases by "fine or imprisonment or by both such fine and imprisonment." The Duluth home rule charter of 1900 (section 66) imposed a punishment for violation of ordinances by subjecting offenders to pay a fine or by imprisonment. The enabling act (Laws 1899 p. 464, c. 351, § 6) provided that "all ordinances, resolutions and regulations in force at the time such charter takes effect and not inconsistent with the provisions thereof shall remain and be in force until altered, modified or repealed by the law-making authorities of such cities."

The charter provisions of 1891 were unconstitutional and invalid. The appellant contends that in its language "fine and imprisonment"

should read "fine or imprisonment," in accordance with the general principle that, even in criminal statutes, where it is necessary to harmonize and to give effect to all its provisions, the word "or" may be read as "and," and conversely. State v. Brandt, 41 Iowa, 593; People v. Lytle, 7 App. Div. 553, 40 N. Y. Supp. 153, 161; Streeter v. People, 69 Ill. 595. Thus, in Com. v. Griffin, 105 Mass. 185, it was held, per Chapman, C. J.: The statute "is a limiting and restrictive statute, and its intention appears to be to prescribe the limit to the fine as well as to the imprisonment, and not to authorize an increased penalty by inflicting both." This view, he urges, accords with the only purpose the legislature, in view of the decision in State v. West, 42 Minn. 147, 43 N. W. 845, could have had in striking out the words "or both," occurring in the charter provision of 1887, and also accords with other amendatory provisions designed to form a system of regulation enforceable only in the municipal court. There is obvious force to these suggestions. The difficulty in accepting them lies in the clear and affirmative and somewhat amplified language of the statute itself. Under the provision for imprisonment a person who has not paid his fine, for example, might have been fined and have been imprisoned for sixty days, and then for thirty days more in case he did not pay the fine. The construction that the provisions authorized both fine and imprisonment appears to be made necessary by the terms of the act itself. Any other interpretation would be forced and unnatural.

The ordinance of 1898 enacted in pursuance of it was clearly void. It expressly provides for punishment by both fine or imprisonment or both. It is not significant that it also imposed costs. State v. Cantieny, 34 Minn. 1, 24 N. W. 458; In re Williams, 39 Minn. 172, 39 N. W. 65; State v. Matter, 78 Minn. 377, 81 N. W. 9. The provision on this subject of the home rule charter is of obvious legality. Since its adoption, however, the city has not enacted any ordinance on this subject. The ordinance of 1898, if valid, would have remained in effect; but, being invalid, the present prosecution must fail, for want of jurisdiction in the municipal court.

The defendant argues otherwise, and insists that the amended ordinance of 1898, even if void and of no effect under the amended charter, to which it looked for authority, was repealed by the adoption of the home rule charter in so far as it authorized both

fine and imprisonment, and was so left in force and effect so as to authorize the punishment by fine and imprisonment. This construction is ingenious, but too violent to be accepted even in a civil case; a fortiori in a criminal case.

In the language of the memorandum of the learned trial court: "We are finally brought to this result: That the amended charter of 1891 authorized both fine and imprisonment, and therefore authorized the 1898 ordinance imposing both; that for the constitutional reasons suggested in State v. West, 42 Minn. 147, 43 N. W. 845, the legislation was invalid; and that this invalid and unconstitutional legislation was not made valid or effective by the adoption of the home rule charter, or carried into the general body of valid municipal law under the new charter."

Affirmed.