# STATE ex rel. HENRY ABRAHAMSON v. W. J. BATES.[1]

May 14, 1909.

Nos. 16,103—(39).

**Municipal Court of Duluth — Punishment under City Ordinance.**

> The municipal court of Duluth, under the ordinance in force at the date of defendant's conviction of selling liquor without a license, October 23, 1908; had the power to impose a fine of one hundred dollars and costs, and upon default of payment thereof to commit him to the county jail for a period not to exceed ninety days.

Appeal by relator from an order of the district court for St. Louis county, Dibell, J., discharging a writ of habeas corpus and remanding relator to the custody of respondent as sheriff of that county. Affirmed.

*McMahon & Rock,* for relator.

*E. J. Kenny,* for respondent.

JAGGARD, J.

The relator was convicted on October 23, 1908, in the municipal court of Duluth, of the offense of selling malt liquor without a license, and was sentenced to pay a fine of $100 and costs, and upon default of payment thereof to be committed to the county jail, in the custody of the sheriff, for a period not to exceed ninety days. He sued out a writ of habeas corpus, on the ground that the imprisonment was illegal and void, because the municipal court had no jurisdiction

---

[1] Reported in 121 N. W. 225.

of the trial of the case. On hearing, the writ of habeas corpus was discharged, and relator remanded to the custody of the sheriff, and to reverse this order this appeal is taken.

A large part of the history of state and municipal legislation will be found set forth in State v. Bates, 105 Minn. 440, 117 N. W. 844. In 1887 the city of Duluth passed "an ordinance amending the ordinances of the city relative to penalty imposed in various cases with a view of giving the municipal court authority to try and determine such cases." The section of the ordinance here involved was thereby changed, by providing for an alternative punishment by imprisonment or fine, instead of concurrent punishment by imprisonment and fine, as there provided.

The relator argues that the provisions of the 1891 charter were declared unconstitutional and invalid in State v. Bates, supra; that the provision of the 1887 charter authorizing double punishment was also unconstitutional and invalid; that the section of the original ordinance, passed in pursuance of it, which prescribed punishment by both fine and imprisonment, was void. The conclusion follows, he urges, that the ordinance, being void in its inception, never went into effect and could not be amended, and that hence the amending ordinance was ineffectual to validate the appropriate section of the original ordinance.

State v. Bates, supra, decided that as to the matter then before the court the ordinance was invalid and void. The term "void" is constantly used as it was in that case. Its meaning as so used must be restricted to the particular facts and the immediate question under consideration. The question whether an ordinance subject to the same objection was so far void as to render it incapable under any circumstances of being the subject of an amending statute was not, and should not have been, considered. That question is presented for the first time in this record. It is not necessary, however, to decide it here. Even if section 6 be held absolutely invalid, the city of Duluth was given an express power to prescribe penalties. Section 5, subc. 8, [p. 89] Charter of 1887, provides: "The common council shall have full power and authority to make, ordain, publish and enforce, alter, amend, or repeal all such ordinances for the government and good order of the city, for the suppression of vice and

intemperance, and for the prevention of crime, as it shall deem expedient, and in and by the same to declare and impose penalties and punishment, and enforce the same against any person or persons who may violate the provisions of any ordinance passed and ordained by it." Under this general provision the city had the power to make an ordinance imposing punishment by way of fine or imprisonment within the limitations imposed upon the jurisdiction of municipal courts; that is, by fine or imprisonment not exceeding three months.

The fact that the charter contained another provision under which the enactment of an ordinance with an invalid penalty was authorized did not by any reasonable construction prevent the enactment of a valid ordinance in accordance with this general provision. Not only is the argument from inconvenience very strongly against such position, but the reasoning which would justify such conclusion is highly artificial and metaphysical. The presumption in favor of the constitutionality of the legislative enactments overbalances it. No opposing authority sufficiently specific to change this conclusion has been called to our attention. In this view of the case it is unnecessary to here determine the further contention of the city that only the invalid part of section 6 of the Duluth charter of 1887, which attempted to confer on the city council power to fine or imprison, or both, fails, and that the section was void only as to the excess.

2. The charter permitted an imprisonment for ninety days. The constitution restricted the imprisonment to three months. In leap years three months, beginning with February, would be less than ninety days by one day. In consequence, the relator argues that a three months' sentence was beyond the jurisdiction of the municipal court to impose under the constitution of the state as it was at the time of the enactment of the ordinance and of the charter provision in pursuance of which the same was enacted to imprison for the period of ninety days. The contention is ingenious in the extreme, but we think not sound. The ordinance was enforceable to the extent to which it was authorized; that is, to the extent of three months. A sentence of ninety days would be void only as to the excess. McKinney v. State, 43 Tex. Crim. 387, 66 S. W. 769, and State v. Marciniak, 97 Minn. 355, 105 N. W. 965, accord with this view. State

v. Upchurch, 72 N. C. 146, and State v. Edney, 80 N. C. 360, are opposed. As the learned trial court remarked, it is not satisfactory to hold ordinances invalid upon ground no more substantial than that urged. It would be highly technical so to do. We conclude that the ordinance was valid to the extent to which it was authorized.

Affirmed.