# STATE ex rel. ANNIE SALTER v. FRANK McDONALD.[1]

April 18, 1913.

Nos. 18,172—(15).

**Criminal law — amendment of city ordinance.**

1. The ordinance of the city of Minneapolis of April 9, 1888 (13 C. P. 971), entitled "An ordinance relative to the costs, fines and penalties in the municipal court," and the ordinance of February 1, 1890 (16 C. P. 63), amending it, are valid, though the effect thereof is to amend by a single ordinance a large number of the criminal ordinances of the city, by providing an alternative punishment of fine or imprisonment, instead of a punishment which may be both fine and imprisonment, and though the ordinances amended may have been invalid at the time, because the penalty then permitted by them exceeded the jurisdiction of the municipal court; and the ordinance of May 8, 1877 (3 C. P. 38), relative to disorderly houses, providing a penalty which might be both fine and imprisonment, as amended by said ordinances, is valid.

**Ordinance valid.**

2. Section 2 of said ordinance is authorized by the grant of power in the city charter.

**Same.**

3. Section 2 of said ordinance is not void for unreasonableness.

**Infliction of imprisonment.**

4. Section 9 of chapter 11 of the city charter does not prevent the infliction of imprisonment as a punishment, or limit its use to the coercion of the payment of a fine.

The district court for Hennepin county issued its writ of habeas corpus requiring Frank McDonald, superintendent of the Minneapolis workhouse, to show cause why he retained Annie Salter in custody. The return to the writ showed that the detention was by virtue of a commitment, a copy of which was attached to the return. The matter was heard by Jelley, J., who denied the petition, discharged the writ, and ordered that the prisoner be admitted to bail

[1] Reported in 141 N. W. 110.

pending appeal to this court. From the order discharging the writ, petitioner appealed. Affirmed, and the prisoner remanded to the custody of the respondent.

*Mead & Bryngelson,* for appellants.

*Daniel Fish,* City Attorney, and *W. G. Compton,* Assistant City Attorney, for respondent.

DIBELL, C.

The relator was convicted in the municipal court of Minneapolis of the violation of an ordinance. She was sentenced to the workhouse for 30 days, and was committed to the custody of the respondent, its superintendent. Upon her petition a writ of habeas corpus was issued from the district court of Hennepin county. Upon the hearing the writ was discharged, and the relator was remanded to the custody of the respondent. She appeals.

The ordinance under which this prosecution is had was first enacted in 1877, under an earlier charter than the present one, but one containing similar provisions, so far as here important, and then read as follows:

"Any person who shall, within the limits of the city of Minneapolis, visit, resort to, or frequent, or be found in a disorderly house or place, or a house of ill-fame, or place resorted to for the purpose of prostitution, assignation, fornication, or for the resort of persons of ill-name or ill-fame, or dishonest conversation, or common prostitutes, shall upon conviction thereof, before the municipal court of the city of Minneapolis, be punished by a fine not exceeding ten dollars nor less than five dollars, or by imprisonment in the county jail for a period not exceeding thirty days, or both such fine and imprisonment." 3 Council Proceedings, 38.

In 1888 the common council passed an ordinance, entitled "An ordinance relative to the costs, fines and penalties in the municipal court," intended to remove the objection to the double penalty features of the various city ordinances. 13 C. P. 971. In 1890 this ordinance was amended in slight particulars, so that sections 2 and 3 read as follows:

"Sec. 2. That no greater fine, penalty or punishment shall be im-

posed for the breach or violation of any ordinance of the city of Minneapolis in the municipal court of said city, under or by reason of any ordinance of the city council of said city, than a fine not exceeding the sum of one hundred dollars, or imprisonment in the county jail of Hennepin county or in the workhouse of said city for a period not exceeding ninety (90) days, or such imprisonment in default of such fine.

"Sec. 3. That so much of any and all ordinances of said city as provide for the imposing or taxing of costs in said municipal court, or for any fine, penalty or punishment, upon the breach or violation of such ordinance, in excess of a fine of one hundred dollars, or imprisonment for a period of ninety (90) days or such imprisonment in default of such fine, are hereby repealed: Provided, that this section shall not be so construed as to limit or affect in any wise the power of said municipal court to impose such fine, punishment or penalty as may be provided by any ordinance of said city not exceeding a fine of one hundred dollars, or imprisonment for a period not exceeding ninety (90) days, either in the discretion of said court, or such imprisonment in default of such fine." 16 C. P. 63.

This amendment, if effective, leaves the ordinance with an alternative punishment of fine or imprisonment; and, if the ordinance is so, it is valid.

This amending ordinance is an omnibus one. It is true enough, as suggested by relator's counsel, that by one act ordinances having different penalties and different provisions are amended, so that their penalties come within the limits of a justice's criminal jurisdiction, which is the criminal jurisdiction of the municipal court of Minneapolis. An amending ordinance of Duluth, entitled "An ordinance amending the ordinances of the city relative to penalties imposed in various cases with a view of giving the municipal court authority to try and determine such cases," different in form, but having the same object, was upheld in State v. Bates, 108 Minn. 55, 121 N. W. 225. We uphold this one.

A suggestion is made that the ordinance was invalid at the date of the amending ordinances and could not be amended. The ordinance was invalid for no other reason than that the penalty, being

121 M.—14.

double, put the offense defined beyond the jurisdiction of the munic-ipal court. There is authority for the proposition that a void or unconstitutional statute or ordinance is not subject to amendment; but we hold that this ordinance properly defining an offense, and invalid only because it imposed a double, instead of a single or an alternative, penalty, was subject to a proper amendment, changing the invalid penalty to a valid one. This has been the practical construction of the Minneapolis ordinances for 25 years.

That it may be understood that we have not overlooked relator's claim that section 6 of the charter is unconstitutional or invalid, because it delegates to the council power to impose both fine and imprisonment, it may be said that it is a matter of not the slightest consequence in this case whether section 6 of the charter is invalid and unconstitutional or otherwise. The cases of State v. West, 42 Minn. 147, 43 N. W. 845, and State v. Bates, 105 Minn. 440, 117 N. W. 844, are of no importance in this connection. If the ordinance was properly amended, as we hold, so as to provide an alternative penalty only, it is valid, regardless of section 6 of the charter.

This was the direct holding in State v. Bates, 108 Minn. 55, 121 N. W. 225, involving a similar provision of the charter of Duluth. The court held that the power to enact ordinances, and to provide punishment, conferred by the general welfare clause, carried with it the power to fix appropriate penalties, though the specific charter provision, similar to section 6, should be held void. In referring to the general welfare clause, the court said: "Under this general provision the city had the power to make an ordinance imposing punishment by way of fine or imprisonment within the limitations imposed upon the jurisdiction of municipal courts; that is, by fine or imprisonment not exceeding three months. The fact that the charter contained another provision under which the enactment of an ordinance with an invalid penalty was authorized did not by any reasonable construction prevent the enactment of a valid ordinance in accordance with this general provision."

This settles, beyond all need of further questioning, that, though section 6 of the charter be invalid, authority to impose a proper

penalty is conferred upon the common council by the general welfare clause.

2. The relator contends that the ordinance is not authorized by the city charter. The charter contains the following relevant provisions:

Third. "To prevent any riots, noise, disturbance and disorderly assemblages in said city, and to provide for the arrest and punishment of any person or persons who shall be guilty of the same; to suppress disorderly houses and houses of ill-fame, and to provide for the arrest and punishment of the keepers thereof, and to authorize the destruction of all instruments used for the purpose of gaming." [Sp. Laws 1881, p. 434, c. 76, subc. 4, § 5.]

Sixteenth. "To prevent open or notorious drunkenness in the streets or public places of said city, and to prevent and restrain obscenity, lewdness or indecency within said city, whether committed in a public or a private place therein, and to provide for the arrest and punishment of all persons who shall be guilty of the same: Provided, that no officer shall have the right to break into or enter a private house or office." [Sp. Laws, 1889, p. 597, c. 33, § 15.] Charter, c. 4, § 5.

We hold the delegation of power sufficient.

3. The relator claims that the ordinance is unreasonable and void. It is made an offense to be found in a disorderly and ill-governed house. This was the charge against the relator.

The term "disorderly house" in itself is of evil meaning. 3 Words and Phrases, 2108. It is a place of resort for bad and evilly disposed characters, for the purpose of illegal and immoral practices. We apprehend that one casually there on an errand of mercy or business need not fear a prosecution.

4. Section 9 of chapter 11 of the city charter provides that in all cases upon the imposition of a penalty or fine by the municipal court the offender shall be committed to the city prison, and there be imprisoned for a term not exceeding three months, unless the fine or penalty be sooner paid. As we gather relator's argument, it is that the effect of this section is to prevent the imposition of a sentence of imprisonment as a punishment for the violation of a city ordinance,

and that imprisonment can only be imposed to coerce the payment of a fine. We think counsel is mistaken. The violation of an ordinance is properly punishable under our Constitution by fine or by imprisonment, and is a crime. The purpose of the statute is not what the relator claims for it.

The order discharging the writ of habeas corpus is affirmed, and the relator is remanded to the custody of the respondent.