ment, a copy of which was attached to the return. The matter was heard by Jelley, J., who denied the petition and discharged the writ and ordered that the prisoner be admitted to bail pending appeal to this court. From the order discharging the writ, petitioner appealed. Affirmed, and the prisoner remanded to the custody of the respondent.

*Mead & Bryngelson*, for appellants.

*Daniel Fish*, City Attorney, and *W. G. Compton*, Assistant City Attorney, for respondent.

PER CURIAM.

The questions presented in this case are identical with those presented in State ex rel. Salter v. McDonald, supra, page 207, 141 N. W. 110, and the same result is reached.

The order discharging the writ of habeas corpus is affirmed, and the relator is remanded to the custody of the respondent.

---

# STATE ex rel. IRENE MURPHY v. FRANK McDONALD.[1]

## April 18, 1913.

## Nos. 18,174—(17).

· **Case followed.**

Upon the petition of Louis Kurille, the district court for Hennepin county issued its writ of habeas corpus requiring Frank McDonald, superintendent of the Minneapolis workhouse, to show cause why he retained Irene Murphy in custody. The return to the writ showed that the detention was by virtue of a commitment, a copy of which was attached to the return. The matter was heard by Jelley, J., who denied the petition, discharged the writ, and ordered that the prisoner be admitted to bail pending appeal to this court. From the order discharging the writ, petitioner appealed. Affirmed, and the prisoner remanded to the custody of the respondent.

*Mead & Bryngelson*, for appellants.

*Daniel Fish*, City Attorney, and *W. G. Compton*, Assistant City Attorney, for respondent.

PER CURIAM.

The questions presented in this case are identical with those presented in

[1] Reported in 141 N. W. 112.

State ex rel. Salter v. McDonald, supra, page 207, 141 N. W. 110, and the same result is reached.

The order discharging the writ of habeas corpus is affirmed, and the relator is remanded to the custody of the respondent.

---

# JOSEPH A'. HENRY v. WILLIAM G. WHITE and Another.[1]

April 18, 1913.

Nos. 18,185—(246).

**Demurrer to general denial.**

1. A demurrer to a general denial in an action to foreclose a mortgage was properly overruled. [Reporter.]

**Same — question not raised.**

2. Whether an innocent purchaser of a title registered under the Torrens law is protected against the fraud of his grantor in failing to disclose in the registration proceedings an unrecorded mortgage on the property, is not raised by such a demurrer. [Reporter.]

Action in the district court for Ramsey county to foreclose an unrecorded mortgage by a sale of the mortgaged premises. The complaint alleged that defendant Gould represented to plaintiff he wished to register title to the lot in question, but if plaintiff would refrain from recording his mortgage the decree in the registration proceeding would protect the lien thereof; that Gould applied for registration and the title was registered in him as owner, free and clear of all incumbrances; that Gould thereafter conveyed the premises to defendant White, and alleged upon information and belief that defendant White received and accepted the conveyance with full knowledge of the fraudulent intent of Gould to defraud plaintiff and deprive him of his mortgage lien. The answer of defendant White alleged that defendant Gould caused the title to the premises to be registered and a certificate of title duly issued to him; alleged a purchase by the answering defendant for a valuable consideration without any notice whatsoever of the existence of the mortgage, and a transfer of the certificate of title to defendant White. Plaintiff demurred to the answer. From an order overruling the demurrer, Dickson, J., plaintiff appealed. Affirmed.

*Lloyd Peabody*, for appellant.

*William G. White*, respondent, pro se.

1 Reported in 140 N. W. 1034.