HARRISON H. VOORHEES, PROSECUTOR, v. BOROUGH OF NORTH WILDWOOD (FORMERLY ANGLESEA).

Submitted June 4, 1907—Decided November 11, 1907.

When a landowner is given the privilege of paying his assessment of benefits in yearly installments pursuant to section 67 of the Borough act of 1897 (*Pamph. L., p. 316*), the assessment remains a lien upon the land until the expiration of two years after the last installment falls due.

On *certiorari.* In matter of assessment.

Before Justices HENDRICKSON, PITNEY and TRENCHARD.

For the prosecutor, *Harrison H. Voorhees.*

For the defendant, *J. Spicer Leaming* and *French & Richards.*

The opinion of the court was delivered by

TRENCHARD, J. This writ of *certiorari* brings up for review the tax warrant, resolution and proceedings for the collection of assessments against the property of the prosecutor on account of street improvements in the borough of North Wildwood, formerly Anglesea.

The commissioners of assessment of the borough, on November 11th, 1901, assessed the benefits accruing by reason of such improvements.

The assessment was confirmed December 5th, 1901, and on the same day the borough council adopted a resolution giving to the owners of lands affected by the assessment the privilege of paying the same in yearly installments, one-fifth each year, with legal interest thereon; provided, however, that any party assessed should have the privilege of paying the whole of any assessment, or the balance of any installment, with accrued interest thereon, at any time, pursuant to the provisions of section 67 of the Borough act of 1897. *Pamph. L., p.* 316.

Nothing having been paid on account of the assessments now in question, the borough council, on October 27th, 1906, passed a resolution directing the mayor and council to execute a warrant for the collection of the assessments by sale of the property, and such a warrant was issued October 27th, 1906.

This writ was then sued out, and the reasons assigned for reversal are based upon the assertion that (1) if any lien had existed by reason of the improvement of the street, it had been waived by the borough council because it had not enforced the collection of the assessment within two years from the date of the confirmation of the commissioners' report, and (2) because, when the council passed the last resolution and issued the tax warrant, more than four years had elapsed since the confirmation of the commissioners' report, during which time council took no action towards the collection of the assessments.

Section 45 of the Borough act (*Pamph. L.* 1897, *p.* 307) provides that "all general laws applicable to the assessing and collection of taxes in the several townships of this state shall apply to the assessing and collection of taxes in boroughs, and

all assessments shall be collected in the same manner as taxes, except as herein otherwise provided; all taxes shall, from the twentieth day of December, in each year, and all assessments shall, from the date of confirmation of the same by the council, together with interest thereon, and all costs, fees, charges and expenses incident thereto, be and remain a first and paramount lien upon the lot of land against which said tax is levied or assessment made, and while unpaid shall remain such lien for the space of two years from the said twentieth day of December and the date of confirmation, respectively, notwithstanding any devise, descent, alienation, mortgage or other encumbrance thereof; taxes shall be payable on the twentieth day of December in each year, and assessments within sixty days after the date of confirmation; in case any tax shall remain unpaid for six months after the said twentieth day of December, and in case any assessment so made shall remain unpaid for the space of six months after the date of confirmation thereof, it shall be the duty of the council to proceed to collect the same by issuing their warrant," &c.

By section 62 of the same act (*Pamph. L.* 1897, *p.* 315), in case any assessment shall remain unpaid and in arrears for six months after confirmation by council, it shall be the duty of the collector to return to council the certified copy of assessments, with a list of the names of the owners from whom he has collected assessments, and the amounts collected.

By section 67 (*Pamph. L.* 1897, *p.* 316) "the council may, by resolution, provide that the owner of any lands upon which any assessment for any improvement shall have been made may pay such assessments in such equal yearly installments, not exceeding ten, with legal interest thereon, and at such time in each year as the said council shall determine; provided, that any party assessed shall have the privilege of paying the whole of any assessment, or any balance of installments, with accrued interest thereon, at one time; in case any such installment shall remain unpaid for thirty days from and after the time when the same shall have become due and payable, the whole assessment, or the balance due thereon, shall become and be immediately due and payable, shall draw inter-

est at the rate of one per centum per month, and shall be collected in the same manner as is provided by this act for other past due assessments; whenever any owner shall be given the privilege of paying any assessment in installments, such assessment shall remain a lien upon the land described therein until the same, with all installments and accrued interest thereon, shall be paid and satisfied, and no proceedings to collect or enforce the same need be taken until default shall be made in the payment of any installment as above provided."

By *Pamph. L.* 1906, *p.* 86, the forty-fifth section of the Borough act is amended by eliminating the provision for sale of land for unpaid taxes (presumably because this was provided for in the General Tax law of 1903), and by shortening somewhat the procedure for the sale of land for unpaid assessments. It reiterates the language of the former section 45 that assessments shall be a lien for two years from the date of confirmation, and that they shall be collected in the same manner as taxes, "except as herein otherwise provided." But we think that section 45, both before and after this amendment of 1906, is subject to the qualification contained in section 67, that when a landowner is given the privilege of paying his assessment in yearly installments, the assessment is to remain a lien upon the land until paid, and that no proceedings to collect the same need be taken until default shall be made in the payment of the last installment.

The provision of section 67, that in case any installment remain unpaid for thirty days the whole assessment shall become due, is made for the benefit of the borough and not for the benefit of the defaulting landowner. It is quite analogous to provisions in leases which provide for a forfeiture or the like in the event of any breach of the covenants contained in the lease. Such provision is for the benefit of the covenantee and not the covenantor, and the latter cannot take advantage of his own wrong by saying that his default has increased his rights against the other party. *Doe* v. *Bancks,* 4 *Barn. & Ald.* 401; *Rede* v. *Farr,* 6 *Mau. & Sel.* 121, 124; *Smith* v. *Miller,* 20 *Vroom* 521; *Creveling* v. *West End Iron Co.,* 22 *Id.* 34; *Vickers* v. *Electrozone Company,* 37 *Id.* 9, 13; *S. C.,* 38 *Id.* 665, 676.

For these reasons we deem it clear that section 67 of the Borough act perpetuates the lien upon the land for unpaid assessments (where council provides for their payment by yearly installments) until two years after the last installment falls due.

The proceedings under review are affirmed, with costs.