B. H. B. VESTER ET AL. v. THE TOWN OF NASHVILLE.

(Filed 14 October, 1925.)

1. **Appeal and Error—Injunction—Presumptions—Facts Found.**

While the findings of fact by the Superior Court judge in injunction proceedings are not conclusive on appeal, there is a presumption in favor of the proceedings in the lower court, which places the burden upon the appellant to assign and show error.

2. **Municipal Corporations — Cities and Towns — Taxation — Street Improvements—Assessments—Statutes.**

The assessments made upon the lands of an owner adjoining a street improved by the authorities of a city or town, will not be declared invalid on the ground of the insufficiency of description in the assessment roll at the suit of such property owners, when in substantial compliance with the statute under which the proceedings were had. C. S., 2711, 2712.

3. **Same—Assessment Rolls.**

As between the abutting landowners upon the street improved by a city or town and the proper municipal authorities acting thereon, the failure of the latter to keep the special assessment book, as provided by C. S., 2722, is not fatal to the validity of the assessments, if the original assessment roll or book is accessible, sufficient to give all necessary information of the property assessed, and available upon the statutory notice given.

4. **Same—Notice—Publication—Hearings.**

Where a city or town has regularly and sufficiently proceeded to assess the lands of property owners abutting a street to be improved under the provisions of our statute, and have published the notice thereof as the law requires, and such owners have been afforded ample opportunity to be heard by the commissioners of the municipality, their failure to appear and resist the assessment thus laid on their property under the proceedings prescribed by the statute will bar their right to impeach the ordinance. C. S., 2711, 2712.

APPEAL by plaintiffs from *Barnhill, J.,* dissolving a restraining order and dismissing the action.

The plaintiffs allege that the defendant paved Main and Railroad streets and without authority of law assessed against the plaintiffs their

proportionate part of the cost of the paving and curbing. They more definitely allege that the defendant failed to serve the plaintiffs with a copy of any notice relating to the improvement, that the plaintiffs have had no opportunity to comply with the order of the board of aldermen, and that the assessments against the plaintiffs were exorbitant, wrongful, and unlawful. They say further that the defendant was required to keep an assessment book, but failed to do so, that their lots have been advertised for sale to secure the payment of said assessments; and that the notice of sale is not sufficient in law. They pray judgment that the sale be enjoined until the hearing and that the assessments be vacated and set aside.

The defendant answered denying the material allegations of the complaint and alleging that the requirements of the law had been complied with. Judge Barnhill found the facts to be as follows:

(1) Pursuant to C. S., 2703 et seq., petitions were filed by citizens of Nashville having property facing on Railroad Street, Barnes Street and Washington Street in said town requesting the improvement of said streets by paving the same; the said petitions were duly filed, and were signed by the required number of property owners and the secretary to the board of aldermen after investigation filed his certificate as to the sufficiency thereof.

(2) That the board of aldermen thereafter duly and properly adopted a resolution approving said petitions and authorizing said improvements, which resolution contained all matters and things required by statute, and was duly and properly published in The Graphic, a newspaper published in the town of Nashville.

(3) The board of aldermen of said town duly and properly made assessments against the property of persons having property abutting upon said streets, in accordance with the statute, and having ascertained the assessments prepared and filed an assessment roll which in all respects complies with the provisions of the statute in respect thereto.

(4) That upon said assessment roll having been prepared and filed, due notice was published in The Graphic, a newspaper published in the town of Nashville, giving notice of the hearing upon the confirmation of said assessment as provided by statute, and said hearing was duly held and said assessments confirmed. None of the plaintiffs appeared at said hearing or entered any objection or exception to said assessment, nor appealed to the Superior Court therefrom.

(5) Upon said assessment being confirmed, the board of aldermen adopted a local improvement-bond ordinance, which ordinance was in all respects duly and properly adopted, and provided that it should become effective immediately upon its adoption. This ordinance was duly and properly published in The Graphic, a newspaper published

in the town of Nashville, in its issue of 7 October, 1920. The proceeding of the board of aldermen in respect to the issuance of said bonds was otherwise in all respects regular and proper.

(6) The board of aldermen likewise undertook to provide and prepare an assessment book, as provided by C. S., 2722, but said assessment book does not, in certain respects, comply with the provisions of said section, in that the number of the lot or part of lots and the plan thereof is not therein given, nor is the amount of such installments and the date on which the installments of said assessment shall become due given, nor is such book indexed as required by said statute. A copy of the assessment roll was delivered to the tax collector as provided by the statute and was kept by him with the assessment book.

(7) That all of the acts of the board of aldermen in respect to the making of said improvements, the levying of said assessments, and the issuing of said bonds, were in all respects regular and proper, except as to the preparation and keeping of said assessment book.

Upon these facts it was adjudged that the failure properly to prepare and keep the assessment book does not *inter partes* affect the validity of the assessments; that the assessments are legal and constitute valid and subsisting liens upon the lots abutting the improved streets; and that the restraining order should be dissolved and the action dismissed. The plaintiffs excepted and appealed.

*W. M. Person for plaintiffs.*
*Austin & Davenport, Finch & Vaughan and Cooley & Bone for defendant.*

ADAMS, J. The plaintiffs except to the judgment on these grounds: (1) The description in the assessment roll is not sufficient; (2) the defendant failed to keep an assessment book; (3) the notice of sale is not sufficient; (4) the findings of fact are not supported by the evidence.

It is provided by statute that upon the completion of a local improvement the governing body of the city or town shall compute the total cost and make an assessment thereof, and for such purpose shall make out an assessment roll in which must be entered the names of the persons assessed, the amount assessed against them, and a brief description of the lots against which the assessment is made. Also that the assessment roll shall be deposited in the office of the clerk of the municipality for inspection by interested parties and that the governing body shall cause to be published a notice of the completion of the assessment roll, setting forth in general terms a description of the improvement and a time for the hearing of allegations and objections in respect to the special assessment. C. S., 2711, 2712.

While in cases of injunction we are not bound by the facts as determined in the trial court, there is a presumption that the proceedings below are correct and the burden is upon the appellant to assign and show error. *Sanders v. Ins. Co.,* 183 N. C., 66; *Woolen Mills v. Land Co., ibid.,* 511. The assessment roll consists of a plat or blue print of the streets on which the improvements were made, the names of the abutting property owners, the number of feet, and the amount assessed against each lot. We have examined the exhibits or addenda and are of opinion that the assessment roll was made out in substantial compliance with the provisions of the statute.

We also concur in his Honor's ruling, that, as between the plaintiffs and the defendant the defendant's failure to keep the special assessment book as provided by C. S., 2722 is not fatal to the validity of the assessments. The assessment roll and the assessment book are sufficiently definite to give all necessary information to the owners of the property against which the assessments were made.

The third exception also must be overruled. Evidently the property owners understood the notice as referring to their several lots. The question of constructive notice and the rights of innocent purchasers are not involved. And as to the fourth exception we think the evidence sustains all the findings of fact incorporated in the judgment.

The record presents a case in which the plaintiffs were duly notified and given ample opportunity to be heard; and if they saw fit not to avail themselves of the opportunity thus afforded they cannot now be heard to impeach the validity of the ordinance or the assessment. *Marion v. Pilot Mountain,* 170 N. C., 118, 123; *Schank v. Asheville,* 154 N. C., 40; *Hilliard v. Asheville,* 118 N. C., 845. The statute of limitations under the facts disclosed is not a bar.

The judgment is

Affirmed.