TOWN OF FARMVILLE v. JOHN HILL PAYLOR AND WIFE, ALICE PAYLOR.

(Two Cases.)

(Filed 10 April, 1935.)

1. **Limitation of Actions B a—Tardy payment of street assessment will not start running of statute against remaining unpaid installments where municipality does not declare them due under acceleration provision.**

Defendants paid the first of ten yearly installments on liens against their lots for street improvements fourteen days late, and made no further payments on the liens. Over ten years elapsed from the date of defendants' tardy payment of the first installment to the date plaintiff municipality instituted this action to enforce the liens, but the action was instituted less than ten years from the date the second installment was due. *Held:* Plaintiff's action was not barred by the ten-year statute of limitations, since the provision of C. S., 2716, that upon failure to pay any

FARMVILLE *v.* PAYLOR.

installment when due all installments remaining unpaid should at once become due and payable, gives the municipality the optional right to declare all installments due and payable upon default, and in the absence of its declaration to invoke the acceleration provision the statute of limitations will not begin to run against unpaid installments not then due. C. S., 437.

**2. Municipal Corporations G i—C. S., 2716, gives municipality option to accelerate maturity of unpaid assessments for street improvements upon default.**

The provision of C. S., 2716, that upon default in the payment of an installment due on street assessments, the remaining unpaid installments should thereupon become due and payable, being for the benefit of the municipality, gives the municipality the optional right to declare remaining unpaid installments due upon default in payment of any installment and does not automatically accelerate the maturity of unpaid installments.

APPEAL by the defendants in two cases consolidated for the purpose of trial from *Parker, J.,* at September Term, 1934, of PITT. Affirmed.

The plaintiff town of Farmville instituted two separate actions for the purpose of collecting pavement assessment liens against two lots owned by the defendants Paylor and his wife, on Main and Pine streets, respectively, in said town. The assessments were levied under chapter 56, Public Laws 1915, being C. S., 2703, *et seq.* The first installment of each assessment was due and payable on 1 October, 1920, and was paid 14 October, 1920. No other installments have been paid. Summonses were issued on 31 December, 1930.

The defendants in answering the complaints pleaded the ten-year statute of limitations in bar of any recovery by the plaintiff. The following issues, with the proper name of street inserted, were submitted in each case:

"1. What amount, if any, is owed as paving assessment upon the property on ...............Street, as described in the complaint?

"2. Is the plaintiff's cause of action barred by the statute of limitations?"

The first issues in the respective cases were, by consent, answered, "$417.28, with interest from 1 October, 1920," and "$305.54, with interest from 1 October, 1920," and the court instructed the jury that if they found the facts to be as shown by all of the evidence they would answer the second issue in each case in the negative. From judgments for the plaintiff based upon the verdicts, the defendants appealed to the Supreme Court, assigning errors.

*John B. Lewis for plaintiff.*
*John Hill Paylor for defendants.*

---

---

SCHENCK, J. The assessments were levied by virtue of chapter 56, Public Laws of 1915, and it is conceded that the plaintiff has complied with the provisions of the statute, and that the amounts sued for, namely, $417.28 and $305.54, are due and constitute a lien against the lots of the defendants, unless the causes of action are barred by the ten-year statute of limitations. C. S., 437; *High Point v. Clinard,* 204 N. C., 149. The determinative facts are these: The first installment of each assessment fell due on 1 October, 1920, and the second installments thereof fell due on 1 October, 1921, and other installments on each succeeding 1 October up to and including the year 1929. The first installments, due 1 October, 1920, were paid on 14 October, 1920, and no other installments have been paid. The summons in the respective actions was issued 31 December, 1930.

A portion of section 10 of the act under which the plaintiff proceeded (C. S., 2716), reads as follows: "Such installments shall bear interest at the rate of six per centum per annum from the date of the confirmation of the assessment roll, and in case of the failure or neglect of any property owner  . . .  to pay any installment when the same shall become due and payable, then and in that event all of the installments remaining unpaid shall at once become due and payable, and such property  . . .  shall be sold by the municipality under the same rules, regulations, rights of redemption, and savings as are now prescribed by law for the sale of land for unpaid taxes."

The defendants' contention is that the failure to pay the first installment when due on 1 October, 1920, caused all of the installments to become at once due and payable after that date, and caused the ten-year statute of limitations to begin to run against all unpaid assessments; and that the making and acceptance of the payment on 14 October, 1920, extended the time of the beginning of the running of the statute of limitations against all installments then remaining unpaid until 15 October, 1920, and that from 15 October, 1920, to 31 December, 1930, being more than ten years, the causes of action were barred when the summonses were issued. The plaintiff, on the contrary, contends that while the failure to pay the first installments when due on 1 October, 1920, gave to it the right to declare all the remaining installments due and payable, that said installments did not automatically become due and payable in the absence of any declaration by the plaintiff of its purpose to invoke the acceleration provisions of the statute, and that the earliest possible date that the statute of limitations could have begun to run was 1 October, 1921, the date the second installments, the first in which there was a default in payment, fell due, and that therefore its causes of action are not barred by the statute of limitations pleaded, since from 1 October, 1921, to 31 December, 1930, is less than ten years. We concur in the contentions of the plaintiff.

In *Meadows Co. v. Bryan*, 195 N. C., 398, the statute of limitations was interposed to a series of notes secured by a mortgage deed containing a provision by the terms of which, upon default in the payment of any one of said notes, "the entire debt shall be due and payable, and the parties of the first part in such case do hereby authorize and fully empower the said party of the second part, his heirs, executors, administrators, and assigns to sell" the lands conveyed at the courthouse door, and this Court held that where notes are given in series and are secured by a mortgage deed on lands containing a provision that upon the failure to pay any one of the notes in the series upon maturity all the notes of the series shall become due and payable, that the mortgagee had the option to enforce the sale upon the happening of the event so specified, and when the mortgagee had not exercised his option the statute of limitations applied as from the due date of each note in the series, as if the provision for the acceleration of the payment had not been incorporated in the mortgage.

The language of the statute, "in case of the failure or neglect of any property owner . . . to pay said installment when the same shall become due and payable, then, in that event, all of said installments remaining unpaid shall at once become due and payable," is to the same effect as that of the mortgage deed above set forth, and we are of the opinion that the purpose of the statute was to provide an optional remedy to the creditor town (the plaintiff) by giving it the discretionary right to declare the whole debt due upon failure in the payment of past-due installments, rather than to provide for the automatic acceleration of the maturity of all unpaid assessments. To hold that the failure to pay any installment when due automatically matured the remaining installments and started the running of the statute of limitations against the entire debt would work hardship upon the debtor property owner, since they would be subject to foreclosure proceedings which the creditor town might not institute except to protect itself against the statute of limitations; and to hold that the making and acceptance of payment of past-due assessments did not postpone the running of the statute until another assessment became due would destroy any incentive to the debtor property owners to reëstablish the installment plan for the payment of assessments due in the future by paying installments past due.

The Appellate Court of Indiana, in the case of *People's Trust & Savings Bank et al. v. Hennessey et al.*, 149 N. E., 365, when called upon to consider a plea of the statute of limitations interposed under similar facts and involving a statute with practically the same provision as is contained in our statute, held that the statute of limitations did not begin to run against unpaid deferred installments of municipal assessment liens upon failure in the payment of the first installments when

due, in the absence of any declaration by the assignee of the assessment liens (the plaintiff) of its purpose to avail itself of its optional right to accelerate the maturity of said deferred installments. The Court's conclusion was reached by drawing an analogy between the failure to pay notes secured by mortgages with acceleration clauses and failure to pay deferred installments of paving assessments levied by virtue of statutes with similar acceleration clauses.

We hold that the provision for the acceleration of the maturity of deferred installments upon default in payment of past-due installments is for the benefit of the creditor town, and is not self-operative, and that the town, upon default, may either institute foreclosure proceedings or may waive the acceleration provision without starting the running of the statute of limitations.

The judgments of the Superior Court are
Affirmed.