RALPH B. ARBOGAST v. BUNCOMBE COUNTY AND ROBERT C. COLLINS, TAX COLLECTOR FOR BUNCOMBE COUNTY.

(Filed 9 October, 1935.)

**Municipal Corporations G c: Constitutional Law I b—Service by publication is sufficient notice of street assessments.**

Ch. 334, Public-Local Laws of 1923, relating to assessments for public improvements, is constitutional, and objection that the statute fails to provide for personal service upon abutting landowners as to the date of final settlement is untenable, service by publication, as provided for in the act, being sufficient, since the act provides for notice and an ample opportunity to be heard.

CIVIL ACTION, before *Finley, J.,* at December Term, 1934, of BUNCOMBE.

The facts as agreed upon by the parties are substantially as follows: "In accordance with the provisions of chapter 334 of the Public Laws of North Carolina for 1923, there was levied and charged against the land of plaintiff in Haw Creek Township, Buncombe County, . . . a certain paving assessment amounting to the sum of $973.15, with interest.   Although the same is all due and payable, no part thereof has been paid.   . . .   After due advertisement, and in accordance with the provisions of said act, . . . the defendant Collins, tax collector of Buncombe County, sold said property at public auction . . . on 6 November, 1933, at which time Buncombe County became the last and highest bidder for the amount of . . . $973.15; and in further compliance with the provisions of said act a certificate covering said sale was issued to the county, dated 6 November, 1933.   No objections to said paving assessment were filed by the plaintiff or any other person in the office of the clerk of the board of county commissioners prior to the first meeting of the board, at which the report of said assessment was approved and confirmed, and that no appeal to the Superior Court has been made by the plaintiff or any other person from said assessment, as is provided by the act hereinbefore referred to.   That in the paving of

the street adjacent to said property, in the levying of assessment against said property, in the sale of said property as hereinbefore referred to, and in the issuing of said certificate, and in all other things done by the defendants in regard to the matters here involved, the terms and conditions of said act have been fully complied with."

Upon the foregoing facts the trial judge was of the opinion that chapter 334 of the Public-Local Laws of 1923 "is constitutional, and that Buncombe County is entitled, at the proper time, to have a deed made to it for the property described in the complaint."

From the foregoing judgment the plaintiff appealed.

*DeVere C. Lentz and W. A. Sullivan for plaintiff.*
*Clinton K. Hughes for defendant.*

BROGDEN, J. As it is admitted that the paving of the street, the levying of the assessment, and the sale of the property complied in all respects with the provisions of chapter 334 of the Public-Local Laws of 1923, only one question of law can be presented, and that is whether said statute is constitutional.

The statute provided for a petition to be signed by two-thirds of "the abutting property owners." It further provided that an accurate map of the various lots and lands abutting on the highway should be filed in the office of the county clerk, "to be subject to public inspection," etc. The statute proceeds as follows: "And upon the filing of said report the said board of commissioners shall cause ten days notice to be given by publication in some newspaper published in the city of Asheville, stating that such report has been filed in the office of the county clerk, and that at the first regular meeting of the said board of commissioners to be held after the expiration of said ten days notice, the said board of commissioners would consider said report, and, if no valid objection be made thereto, the same would be adopted and approved by said board. Any owner of land affected by said lien for assessments shall have the right to be heard concerning the same before the said board of commissioners by filing objections thereto in writing, in the office of the county clerk, prior to the first meeting of the board at which said report may be approved and confirmed, and any person so objecting to the confirmation or approval of said report shall state in said objections in writing what part, if any, of said assessments he admits to be lawfully chargeable to his said land. . . . Any person shall have the right, within ten days after the approval or confirmation of the same by the said board, and not after that time, to appeal from the said decision of the said board of commissioners to the next term of the Superior Court of Buncombe County," etc.

The only ground of assault upon the constitutionality of the statute set forth in the brief of plaintiff is "that the act does not provide for a personal notice to be served on the property holder as to the date of final settlement, and only provides that notice published in a newspaper is sufficient," etc.    Newspaper notices in street assessment cases have heretofore been declared adequate by this Court.    *Vester v. Nashville,* 190 N. C., 265, 129 S. E., 593; *Jones v. Durham,* 197 N. C., 127, 147 S. E., 824.    Adopting the words of the concluding paragraph in *Vester v. Nashville, supra,* "The record presents a case in which the plaintiffs were duly notified and given ample opportunity to be heard; and if they saw fit not to avail themselves of the opportunity thus afforded, they cannot now be heard to impeach the validity of the ordinance or the assessment."

The principles invoked in *Beaufort County v. Mayo,* 207 N. C., 211, with reference to the rights of lienholders in tax foreclosures, have no bearing on the issues involved in this case.

Affirmed.