WATSON, Judge.
The City of Lafayette, Louisiana, filed this suit against Marks Construction Company, Inc. to enforce its liens against lots 199, 200 and 201 of Best Marks Subdivision in order to collect a sewerage assessment. The defendant-owner filed a peremptory exception urging thé prescription of three years. The exception of prescription was sustained by'the trial court which dismissed plaintiff’s suit.
The facts were presented by stipulation. In summary, they are as follows: The sewerage assessments were levied under Ordinance No. 872 of the City of Lafayette. The ordinance was passed under the authority of LSA-R.S. 33:3986, which will be quoted in pertinent part below. The or *233 dinance provided that the assessments were due on or before June 20, 1969, and, if not paid on that date, it was presumed conclusively that the owner elected to pay them off in ten equal annual installments, the first being due on December 31, 1969. The defendant did not pay the assessments on June 20, 1969, or the first installments due on December 31, 1969, nor any subsequent installments.
This suit was filed on August 5, 1974. There is no dispute as to the collection of the assessment, other than that of prescription. The parties agree that the prescriptive period is three years, as provided by LSA-R.S. 33:3746, also quoted below.
The question presented is: when does the prescriptive period commence ?
The trial court held, as the ordinance provided, that defendant’s failure to pay on June 20, 1969, was an election to pay in equal annual installments; that defendant’s failure to make the first annual payment due on December 31, 1969, caused all of the subsequent installments to become due; and that, therefore, plaintiff’s claim prescribed three years thereafter. The trial court reasoned that the City of Lafayette had ample time to proceed to collect the assessment and its failure to do so had caused prescription to run.
Plaintiff contends on appeal that the acceleration clause in the ordinance does not accelerate the prescription period and that prescription does not run until the original due date of the final installment, in this case, December 31, 1978.
The parties agree that Ordinance No. 872 was passed pursuant to the authority of LSA-R.S. 33:3986, which provides in pertinent part as follows:
* *
The amount assessed in said ordinance shall be due and collectible immediately on its passage, and, if not paid within thirty days from the date of the adoption of said ordinance, it will be conclusively presumed that any property owner whose property is affected thereby, exercises the right and option, which is hereby authorized, to pay the amount due in equal annual installments bearing interest at a rate or rates not exceeding the maximum rate provided for conventional interest by Article 2924 of the Louisiana Civil Code as the same now exists or may be hereafter amended, and extending over a period not exceeding twenty years, all within the discretion of the governing authority and as provided for in the ordinance levying such local or special assessments. The first installment shall become due on December 31 of the then current year or one year after the date of the assessment ordinance herein provided for, in the discretion of the governing authority of the district, and annually thereafter. The failure to pay any installment or interest thereon when due, shall ipso facto cause all other installments and the interest thereon to become due and payable and the sewerage district shall within thirty days from date of such default,, proceed against the property for the collection of the total amount due thereon, including interest, plus twenty per cent additional on the principal and interest of the past due installment or installments or twenty per cent of the amount sued for, and in the event judgment is necessary to effect collection, twenty per cent of the amount of the judgment rendered, as attorneys’ fees.”
The parties also agree that the applicable statutory provision relative to prescription is found in LSA-R.S. 33:3746, which, in its entirety, reads as follows:

“§ 3746. Prescription of claims, liens and privileges for local or special assessments for paving and sewerage improvements

Claims, liens and privileges resulting from the levying of local or special as *234 sessments by any. parish, municipality, sewerage district or other special taxing district to coyer the cost of constructing, paving, surfacing, re-surfacing or otherwise improving streets, roads, sidewalks and alleys or the cost of the construction, installation or maintenance of sewerage systems shall prescribe three years after the date when the final installment or deferred payment of said local or special assessment shall become due and payable under the terms of the ordinance or resolution levying the assessment. In all cases where the cost of the paving has been advanced by any parish, municipal corporation, or other special taxing district, to be refunded in annual installments, the claims, liens, and privileges shall prescribe in the same manner as taxes, tax liens and privileges. As amended Acts 1954, No. 204, § 1.”
The key provision to be interpreted is found in section 3746 and is the phrase “ . . . shall prescribe three years after the date when the final installment or deferred payment . . . shall become due and payable . . . ” The question then is whether the prescriptive period began to run on December 31, 1969 through defendant’s failure to make the first payment or whether prescription begins to run on December 31, 1978, the date on which the final installment would become due.
Counsel for both parties as well as counsel for amici curiae have suggested several interesting theories which, they contend, militate for the interpretation of the statutory prescriptive provision either in favor of plaintiff or in favor of defendant.
We have been referred to equitable considerations, although it appears to us that there are equities on both sides of the conr troversy. We have been referred to various rules of statutory construction, which we will not detail here, because we find that none is controlling in interpreting the phrase at issue. Also, our attention has been directed to the legislative history, of Section 3986 but the history, if as urged, does not decide the dispute. The “rule of contemporaneous construction” has been suggested as a tool for interpreting the statutes, but, as counsel for appellee notes in rebuttal brief, there is no evidence in the record on which to apply this rule.
In summary, this is a res nova point in Louisiana with few, if any, jurisprudential guides to assist in its resolution.
We have consulted the jurisprudence of other jurisdictions, and as might be expected, we have learned that there is no agreement.
“Because of the varying terminology of acceleration clauses, no general rule can be stated as to whether a provision for acceleration, in the event of default of one installment, has the effect of automatically commencing the running of the bar of limitations against the remaining installments of a special assessment.” 70 Am.Jur.2d Sec. 186, pg. 984.
Even when the ordinance or statute uses the word “shall” in declaring that the remaining installments become due and payable, the courts have held in some instances that the statute of limitations (prescription in Louisiana) begins to run and in others that it does not. 70 Am.Jur.2d, supra.
In interpreting the prescriptive statute, LSA-R.S. 33:3746, we must look to the wording of the provision and attempt to determine the intent of the legislature. By “the date” of the “final installment or deferred payment’’ we believe the legislature meant the readily ascertainable date at the end of the extended period for payment, not some uncertain date which would be determined by default of the taxpayer.
If acceleration of the prescriptive period was intended, we believe the legislature *235 would have made an appropriate provision. The payment acceleration clause is for the benefit of the assessing authority; to adopt the theory of prescription urged by defendant would be to conclude that the legislature gave a benefit but took it away by accelerating prescription. We decline to make this conclusion.
We are impressed by the reasoning in City of Jackson v. Willett, 178 Tenn. 605, 162 S.W.2d 367 as adopted in City of Salisbury v. Arey, 224 N.C. 260, 29 S.E.2d 894, where the court said that the taxpayer is seeking to penalize the city for its indulgence, that is, for its failure to mature the entire debt by enforcement of the statutory acceleration provision.
The Supreme Court of North Carolina, in Town of Farmville v. Paylor, 208 N.C. 106, 179 S.E. 459 reached a conclusion identical to ours in a case analogous to the instant appeal, stating:
“We hold that the provision for the acceleration of the maturity of deferred installments upon default in payment of past-due installments is for the benefit of the creditor town, and is not self-operative, and that the town, upon default, may either institute foreclosure proceedings or may waive the acceleration provision without starting the running of the statute of limitations.” 179 S.E. 461.
Also see Riverview State Bank v. Courtney, 229 Mo.App. 111, 74 S.W.2d 81 (1934).
Therefore, we conclude that the exception of prescription was erroneously sustained and that it should have been overruled. We reverse the judgment of the trial court and remand the case for further proceedings according to law. Costs are taxed against appellee.
Reversed and remanded.