14564

CLEVELAND v. CITY OF SPARTANBURG ET AL.

(194 S. E., 128)

374

380

388

*Messrs. DePass & DePass,* for plaintiff, cite:

*Messrs. Odom & Bostick* and *Esten C. Taylor,* for defendant, cite:

November 10, 1937.

The opinion of the Court was delivered by Mr. JUSTICE FISHBURNE.

This action was instituted in the original jurisdiction of this Court, for the purpose of obtaining a permanent injunction enjoining the defendants, their agents and servants, from selling certain property of the plaintiff, abutting on North Church Street, in the City of Spartanburg, to satisfy a paving assessment lien. A temporary restraining order was issued, and upon returns having been filed in response to a rule to show cause why the temporary restraining order should not be made permanent, and, it appearing that testimony should be taken in the cause, the case was referred to W. C. Cothran, Esq., as Special Referee, to take the testimony and report it to this Court, with his conclusions of law and fact.

The testimony has been taken, and the report of the Special Referee has been filed. To this report exceptions have been taken to this Court by both the plaintiff and the defendants.

We agree with and adopt all the conclusions reached by the Special Referee in his report, which will be reported, and we refer to that report for the necessary statement of facts, to which we will make further reference.

The issue to which we shall direct our attention has to do with the duration of the lien of the City of Spartanburg with reference to the assessment against the abutting property of the plaintiff for permanent improvements in the City of Spartanburg. The plaintiff contends that the paving lien of the city has expired, and that it is without present right to foreclose its lien. The defendants uphold the opposite contention.

It is conceded that in this case the City of Spartanburg refers its authority to make the assessment in question to the Act of February 17, 1911 (Vol. 27, St. at Large, p. 557), and not Sections 7374 and 7376 of our 1932 Code, which controlled in the case of *Town of Cheraw v. Turnage et al.,* 184 S. C., 76, 191 S. E., 831, 837.

The Act of 1911, which is applicable here, provides:

"Section 1. * * * Times and terms of payment and rates of interest on *deferred payments* of assessments by lot owners *may be agreed upon* as prescribed by ordiance."

"Section 3. * * * Such lien shall continue from the date of entry on such book [assessment lien] until the expiration of five years from the date when final payment is due and payable, unless sooner paid."

The general paving assessment ordinance of the City of Spartanburg, of March 24, 1913, provides: "Section 4. When said assessment roll has been ratified in the manner above prescribed, each owner of property so assessed may, within thirty days after such ratification, pay into the city treasury the full amount of said assessment, or shall have the *right to have* such assessment divided into five equal payments, the first installment thereof shall be due thirty days after the date of the ratification of the assessment roll by the City Council, and the remaining installments shall be

due in equal amounts, due respectively in one, two, three, and four years from the date of the first installment, with interest on such installments at the rate of six per cent, per annum, payable annually from date until paid in full." (Italics added.)

It will be observed that the above statute provides that times and terms of payment and rates of interest on deferred payments *may be agreed upon* as prescribed by ordinance. The words, "as may be agreed upon," are absent from the enabling Act which was under discussion in the case of *Town of Cheraw v. Turnage, supra.*

Section 4 of the ordinance, which we have quoted, gives to the lot owner two options; either (a) to pay to the city within 30 days after such ratification (February 6, 1928) the full amount of the assessment, or, (b) the right to have such assessment divided into five equal payments, the first installment to be due 30 days after the date of the said ratification.

In construing the provisions of the Act and of the ordinance, we think section 6 of the ordinance has a pertinent bearing. It provides: "Owners of the property abutting improvements have acknowledged their indebtedness to the city by the payment in cash of *one-fifth* of the total assessment against their property, *as required by law,* and will *accept* from the City Council of Spartanburg, S. C., *as provided by an Act of the Legislature of* said State, the *privilege* of paying the amount still due in four equal annual installments, with interest at the rate of six per cent. per annum .(Italics added.)

Section 3 of the Act provides that such lien shall continue until the expiration of 5 years from the date when the final payment is due and payable unless sooner paid.

It will be noted that Section 6 of the ordinance interprets the Act as follows: " * * *, and will *accept* from the City Council of Spartanburg, S. C., *as provided by the Act of the Legislature of said state,"* the

"privilege" of paying in installments. The defendants complain that the Special Referee fell into serious error in making the statement in his report that "it (the City of Spartanburg) did say, however, that in case of default, the entire amount should be considered due and payable." We think it clear that this statement was made as a legal conclusion upon a construction of the ordinance, and that the Referee had no intention of making any direct quotation from the record. A reading of the statute and of the ordinance leaves no doubt but that the optional plan of installments is in force in the City of Spartanburg, and not what might be termed the acceleration clause method; there being no acceleration provision in the applicable statute.

By reference to the statute, it will be seen that the significant words are used, "may be agreed upon," and not the words "shall be." Nor does it contain the expression, "payments of assessments by such property owners *shall be* such as may be prescribed by ordinance," which we find (Code, § 7374) in the *Cheraw case* above referred to. The City of Spartanburg, under the enabling Act in this case, is given power to prescribe by ordinance times and terms of payment with reference to deferred installments, which the lot owner may or may not accept. In the absence of such acceptance, and there being no proof that the doctrine of estoppel applies here, it cannot be reasonably contended that the plaintiff exercised either option. She did not pay the whole amount within the 30-day period, nor within such period did she pay the one-fifth in cash which would have indicated her acceptance of the deferred payment plan.

It is argued on behalf of the city that the failure of the plaintiff to pay the whole amount of the assessment within 30 days is a substantive fact, evidencing her desire to take advantage of her *right* to pay in installments. The words "right to have" (Section 4 of the ordinance), with reference to installment payments, contem-

plate some positive action on the part of the property owner evidencing a choice of option. Nonaction on the part of the property owner does not indicate an election, nor does such inaction, under these circumstances, give to the city the right to make an election for the property owner. Under the ordinance, this right resided in the plaintiff, and it could be given vitality only when she chose to exercise it by complying with the ordinance provisions which conferred it. She did not do so. The ordinance laid no compulsion upon her to do so; nor does it give the city, in the absence of her agreement and compliance, the right to arbitrarily place her in the deferred payment class. Upon her failure to adopt the installment payment plan, which was optional with her, the whole amount of the assessment became payable within the 30-day period allowed. When she failed to pay it, the city's cause of action accrued.

Under the ordinance, the plaintiff could have adopted either course, but she did neither, and, in our opinion, the city's right of action accrued at the end of the 30-day period, and the life of the lien expired 5 years thereafter, to wit: in 1933.

Counsel for the city call our attention to this holding from the *Cheraw case:* "Accordingly, in the absence of the acceleration clause contained in the Act of 1919 above quoted, it could not be debatable that the limitation would be five years from the due date of the 1933 installment." And it is argued that this holding is applicable to the Spartanburg Act and ordinance. However, as heretofore pointed out, the two Acts are radically different, in that the Act of 1915 (Code, § 7374), which controlled the *Cheraw case,* provides that times and terms of payment, and rates of interest on deferred payments, "shall be such as may be prescribed by ordinance." No optional plan was provided for. And the Act of 1919 (Section 7376, Code) provides that, upon default in the payment of any installment, the total amount of the assessment should immediately be-

come due and collectible. The Spartanburg Act and ordinance contain no acceleration clause, but the Act does provide, as pointed out, with reference to deferred payments, that they *may be agreed upon.* These words are permissive and discretionary, and are not mandatory upon the city or the lot owner.

As was said in 44 C. J., 3420: " * * * Such provisions (the payment of assessments in installments) are generally construed to confer on a property owner an option to pay in installments, and not to require him to do so or to prevent him from paying the whole assessment at any time by paying the amount thereof and such interest as he is liable for, at the time of payment, under a proper construction of the statute. It is proper to attach just and reasonable conditions to the privilege of paying in installments, such as conditions that the owner shall give a bond, waive nonjurisdictional defects and informalities in the proceedings, and pay interest on the deferred installments; and the privilege is not available to the property owner unless he complies with the conditions, and exercises the option within the time prescribed * * * "

As the assessment for the repaving of North Church Street was ratified on February 6, 1928, and as the plaintiff did not pay the assessment in full nor adopt the deferred payment plan, the whole assessment became due and collectible on March 7, 1928. On that day a cause of action accrued in favor of the city, and the 5-year statutory lien commenced to run in favor of the plaintiff.

In our opinion, the plaintiff is entitled to a permanent injunction enjoining the City of Spartanburg, its agents and servants, from enforcing the pavement assessment lien and from selling her property.

The case of *Mrs. Louise H. Blake, Appellant, v. City of Spartanburg et al., Respondents,* S. C., 194 S. E., 124, the opinion in which is being filed at the same time that the

opinion in the case at bar is being filed, involves substantially the same contested issues which appear in this case.

We have given careful consideration to all the exceptions, plaintiff's and defendants', and conclude that they should be overruled.

The report of the Special Referee is adopted as the opinion of this Court.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.