15553

BARKER, ETC., v. TOWN OF ALLENDALE, AND
EX PARTE: LUCY O'H. DARLINGTON
IN RE: BARKER, ETC., v. TOWN OF ALLENDALE

(26 S. E. (2d), 393)

January, 1943.

*Messrs. Searson & Searson* of Allendale, S. C., and *Mr. Thos. M. Boulware,* of Barnwell, S. C., Counsel for Appellants,

*Mr. George Warren, Jr.,* of Allendale, S. C., and *Mr. George Warren,* of Hampton, S. C., Counsel for Respondent

June 30, 1943.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous opinion of the Court:

The following is quoted from the "Statement" in the Transcript of Record, sufficient to understand the problem presented by this appeal:

"This action was commenced in August, 1942, by the plaintiff on his own behalf and on behalf of all other property owners in the Town of Allendale whose property was assessed for street and sidewalk improvements and are in like situation with the plaintiff. Miss Lucy O'H. Darlington, such a property owner, intervened in her own behalf and thereby became a party to the action.

"The action was brought to determine whether or not the lien of assessments for street and sidewalk improvements had expired and terminated as to plaintiff's and intervenor's property, under the provisions of an ordinance of the defendant levying said assessments, and providing that:

" 'Such liens shall continue in force from the date of entry on such book until the expiration of five years from the date when final payment is due and payable, unless sooner paid. Upon default in the payment of any installment or deferred portion of any assessment at the time and in accordance with the terms and conditions hereof, the total amount of such assessment then unpaid (including deferred installments of payments and interests) shall immediately become due and collectible as town taxes are now collected, * * *.'

"The complaint alleges and the answer admits that of the installments of the said assessments so entered against the property of the plaintiff and intervenor, an installment falling due more than six years before the commencement of this action, was not paid when due and has never been paid and that none of the subsequent installments have been paid."

His Honor, Judge Henderson, heard an application for injunction *pendente lite* to prevent the town from proceeding against plaintiff's and intervenor's property on execution and sale under the questioned paving assessment. He went into the merits, cited considerable authority and found that the acceleration provision in the ordinance levying the assessment, quoted above, created merely an option in the town under which it can or not invoke the clause upon de-

fault, declare all deferred installments due and proceed, so that the liens were not barred by failure of the town to take such action during the six years of default by the contending property owners.

Thereafter the question was also argued before his Honor, Judge Mann, who had the case for trial. In a short order he concurred in the reasoning and result of the views of Judge Henderson and held the disputed liens to be valid and declined to enjoin the enforcement of them, just as Judge Henderson had declined to issue the proposed temporary injunction, and for the same reasons. However, there was expressly reserved the "claim of Miss Lucy O'H. Darlington as to the extent of the property covered by the lien," which latter reserved issue is not affected by this appeal.

In due time the property owners appealed, raising the question indicated by the foregoing recital and particularly alleged to be erroneous the following quoted conclusion in the order of Judge Henderson, adopted by reference by Judge Mann: "* * * the provision in the ordinance, that upon default in the payment of any installment of an assessment the total amount of such assessment then unpaid shall immediately become due and collectible, is not self-executing, but upon such default the town has the privilege of notifying the landowners that it regards the whole amount as being due but the town has the right to forego that privilege, if it so desires, in which event the final payment would not be due until the last of the forty semi-annual payments matured, the life of the lien remaining in full force for five years after that time, or until accelerated by the present execution and levy."

The case is controlled by the decision of *Town of Cheraw v. Turnage*, 184 S. C., 76, 191 S. E., 831, 837. In that case a statute was construed which is of no material difference from the ordinance involved in his action, quoted above. The following is from the decree of the Circuit Judge adopted by complimentary language by this

Court as its judgment on appeal: "I do not regard the acceleration provision of the statute as automatic. I think that the sounder view is the one taken by the plaintiff, that the acceleration is optional with the municipality, and that, unless and until the municipality exercises its right to declare the whole balance of the assessment to be due and payable because of default in the payment of an installment, the installment arrangement continues in effect, and that the five-year limitation period does not then begin to run until the last installment matures. The purpose of the acceleration provision is clearly to give the creditor a 'sword of Damocles' with which to impress upon the property owner the importance of making payments as stipulated. It is in the nature of a penalty. It is an additional remedy, and usually an oppressive action, the threat of which is well calculated to insure payment of the assessment. Every reason entering into this provision bespeaks its optional character with the creditor, and the moral obligation of the creditor to use it only as a last resort. The authorities on the question are not entirely harmonious, but the overwhelming weight of authority supports the view taken by the plaintiff. There is no decision on the point in South Carolina, but it would be grossly oppressive and out of key with current judicial and economic thought to make the acceleration provision mandatory and self-executing. The cases on this subject will be found collated in 34 A. L. R., 903 and 37 C. J., 850."

The latter authorities are as pertinent here as they were there.

Appellant's able counsel earnestly urge that the *Cheraw case* does not require decision adverse to them, and their particular point in this respect is that the statute (now Sec. 7376, Code 1942), under construction in the *Cheraw case* and applicable here, is to the effect that the acceleration clause is effective upon default in the payment of any installment "in accordance with the terms and conditions fixed by ordinance"; and that the only ordinance

upon the subect of the Town of Allendale is that first above quoted, which contains a similar acceleration clause, effective under the terms of that ordinance. And they say, quoting from their brief: "Such option as the town had, as to maturity of the assessment, is under the statute and not under the ordinance, because by the statute it was required to exercise its option in and by the ordinance."

That is clearly untenable, for certainly the town did not exercise by the ordinance under review an option which could then only come into existence in the future. If it is admitted that the statute created an option to declare a default of the whole assessment in the case of default in the payment of one or more installments, as this argument seems to properly do, then it can hardly be said that the town has exercised its option by the terms of this ordinance which was passed as the foundation upon which the paving liens were based. It would be more logical to assert that the town can exercise its option only by the passage of an ordinance which of course would be after the conditions giving rise to the option had come into existence as the result of a default in the payment of an installment, and the procedure would not be so simple as suggested in the lower Court, that the town would have "the privilege of notifying the landowners that it regards the whole amount as being due." But that is not a question involved in this litigation, hence need not, and will not, be decided. There is nothing in the record indicating that the property owners who brought, and intervened in, the action made any point as to the form of the town's exercise of its option to accelerate maturities of the deferred installments, except that now made in the argument referred to. And this argument, though plausible, is not convincing.

No error is found in the orders appealed from and they are affirmed, but the case is remanded to the Circuit Court for disposition of the reserved question, mentioned above.

Affirmed and remanded.

Messrs. Associate Justices Baker and Fishburne concur.

Circuit Judges T. S. Sease and E. H. Henderson, Acting Associate Justices, disqualified.