15604

JOHNS v. TOWN OF ALLENDALE

(28 S. E. (2d), 533)

April, 1943.

*Mr. George Warren* and *Mr. George Warren, Jr.,* both of Hampton, S. C., Counsel for Appellant, 

*Mr. Thomas M. Boulware,* of Barnwell, S. C., Counsel for Respondent, 

The City of Chester, on its Petition, was allowed to file a Brief as *Amicus Curiae,* whereby it joined forces with Respondent. *Messrs. Hemphill & Hemphill,* and *Mr. Charles W. McGee,* all of Chester, S. C., as Counsel for the City of Chester, 

January 5, 1944.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court:

The usual factual statement will be omitted from this opinion for about the only difference between the case and *Barker*

*v. Town of Allendale,* 203 S. C., 149, 26 S. E. (2d), 393, is that the respective trial Judges reached opposite conclusions and, incidentally, there were, in effect, two such in agreement in the former case and only the usual number, one, in this. The respondent here sought and obtained leave to argue against, and advocate the overruling of, the recently decided case just cited. It was said in oral argument, and uncontradicted, that he is now the only abutting property owner of Allendale whose land has not been subjected to the lien of the paving assessment which he contests upon the ground of the statute of limitations.

On its petition, the City of Chester was allowed to file a brief *amicus curiae* whereby it joined forces with respondent. It takes the position that the effect of the former decision will tend to chill the future sales of municipal paving certificates and its ability to pave its streets may hereafter be impaired on that account. No other municipality sought permission to so come in. In this connection it may be mentioned that it is well known that sales of such obligations by cities and towns are not ordinarily to investors but to brokers or dealers in such securities who, in turn, sell them to individuals and corporations desiring to so invest their funds. No such brokers or dealers have undertaken to intervene as *amici curiae.*

Furthermore, it is noted that in the leading case of *Town of Cheraw v. Turnage,* 184 S. C., 76, 191 S. E., 831, it was the strenuous effort of the municipality seeking to enforce its paving lien (indicated by employment of nonresident counsel of high repute) which procured the decision and overcame the contention of the landowners that the lien involved in that action was barred by lapse of time. So with Allendale; after long indulgence of its property-owners during a period of unprecedented depression, it appears to have moved upon improved financial conditions with firmness and energy.

It must be borne in mind that our decision does not interfere with the scheduled maturity of any one of the installments, but merely finds that the power to accelerate the maturity of unpaid or future installments, upon default in the payment of any one, was optional with the municipality under the facts and the ordinance involved in this case and the former similar one of Barker, *supra*. Undoubtedly, the town in the exercise of its option might have proceeded against the property for one or more installments in default under the original terms of payment, leaving unaffected the installments (and the lien of them) which had not then matured under such terms. Such course might well be beneficial to all concerned.

It is common practice for foreclosure decrees of sale of city real estate to provide for the payment of paving assessments "due and owing," meaning accrued installments, leaving unpaid the subsequent installments. But respondent's contention, if sustained, would deprive the owners, mortgagees and purchasers of abutting Allendale property of that privilege, subjecting it to an unusual burden which we think is not required under a fair and reasonable construction of the ordinance.

It may be observed that automatic acceleration, contended for by respondent in this case as a means of escaping payment of the installments, could easily prove to be a detriment to investors in the town's obligations which are secured by pledge of the installments. In the first place, consider this case, where, should respondent prevail, the special security for payment of the obligations would be utterly lost, so far as this property is concerned, and the holders of the paving bonds or certificates would be relegated to the general liability of the town and its power to tax all of its property, the latter discriminatory (in fact) against its taxpayers whose holdings had not been specially benefited by the paving. Secondly, unanticipated collection of intended deferred payments, where effected, would place the money in the hands

of the municipality for payment of its obligations before the latter mature, and the safety of the funds be endangered by delay and final application of them to the intended purpose possibly thwarted. In view of these considerations, it is clear that the provision for optional acceleration was the result of sound foresight.

Thus it appears that the agitation of the City of Chester in this regard is not well founded. Nevertheless, its brief has been carefully considered and the whole subject reviewed, the problem weighed in the light of retrospect as well as its effect upon the instant litigants, and the prospect of its future influence. But, for the reasons aforementioned, we fail to find ground for the fears expressed and are confident that our former decision was correct; it is, therefore, adhered to, and the doctrine of *stare decisis* applied.

The decision announced is in line with authority elsewhere and no contrary precedent has been cited. It was held in *Voorhees v. Borough of North Wildwood,* 75 N. J. L., 463, 68 A., 175, that a provision for acceleration of maturity of the whole assessment on default in payment of an installment is for the benefit of the municipality rather than for the benefit of the defaulting landowner, and the latter will not be allowed to take advantage of his own wrong by saying that his default has increased his rights against the municipality. See also, *Barber Asphalt Pav. Co. v. Meservey,* 103 Mo. App., 186, 77 S. W., 137. The foregoing is from the footnote to the following very pertinent text in 44 C. J., 805: "Where the assessment is payable in installments, the lien exists for the statutory period after the last installment is due on its face, the period not being shortened by the fact that the last installment becomes due earlier by reason of default in the other installments."

The learned trial Judge leaned heavily upon the authority of *Cleveland v. City of Spartanburg,* 185 S. C., 373, 194

S. E., 128, but upon analysis little is found in common in the cases. There, there was no installment plan of payment in force; the landowner had failed to exercise her option in that respect; here, there is no question but that an installment payment plan was in effect. *Blake v. City of Spartanburg,* 185 S. C., 398, 194 S. E., 124, 125, is similarly inapplicable.

There is further controversy between the parties. The town sold the property on salesday in July, 1941, under executions for municipal taxes and for paving assessments, bid it in and took deed to itself, meanwhile having paid a large sum for redemption of the property from sale for State and county taxes. Plaintiff, respondent, admitting liability for payment of the taxes, sought judgment establishing his alleged right of redemption upon payment thereof and an injunction against attempted collection of the paving assessments. The agreed statement in the transcript of record contains the following: "The complaint also alleged two additional grounds for setting aside the said sale and deed, which have not been passed upon by the Circuit Court, and are not involved in this appeal."

The town, appellant, answered chiefly by denials of the various allegations of the complaint. Plaintiff, respondent, demurred to the answer and in this status the matter was heard in the Circuit Court; the judgment appealed from sustained the demurrer, interposed upon the ground of the statute of limitations, which procedure the order recites was without objection. It determined the question adversely to appellant and undertook to grant the relief sought by respondent, giving leave for application for formal decree. This was error.

As indicated, the circuit judgment will have to be reversed and the demurrer overruled, but we agree with respondent that judgment cannot properly be rendered by this Court as to the matters "which have not been passed upon by the Circuit Court and are not involved

in this appeal." Transcript, *supra*. The demurrer admitted the allegations of the answer for the purpose only of its consideration.

Accordingly, the judgment of the lower Court is reversed and the case remanded for further proceedings consistent with the views which have been expressed.

Reversed and remanded.

MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE and CIRCUIT JUDGES WM. H. GRIMBALL and PHILIP H. STOLL, ACTING ASSOCIATE JUSTICES, concur.