16213

CITY OF ORANGEBURG v. SOUTHERN RY.—CAROLINA DIVISION

(53 S. E. (2d) 330)

*Messrs. Sims & Sims,* of Orangeburg, *for Appellant,* cite:

*Messrs. Frank G. Tompkins, Jr.,* of Columbia, and *Moss & Moss,* of Orangeburg, *for Respondents,* cite:

May 6, 1949.

FISHBURNE, Justice.

The City of Orangeburg brought this action against Southern Railway—Carolina Division and the other defendant railroad companies, for the foreclosure of a paving assessment lien for street improvements abutting the right-of-way of the defendant along South Boulevard. The sole issue presented by the appeal is whether the lien of the city had expired before the action was instituted. The Special Referee to whom the case was referred, found that the lien had terminated, and recommended that the action be dismissed. Upon exceptions being taken to the Circuit Court, the Referee's finding was confirmed in all respects and made the judgment of the court.

The above action, which was commenced on January 14, 1941, was preceded by a similar suit instituted by the City of Orangeburg against the Southern Railway Company in the Court of Common Pleas for the foreclosure of the identical lien against the same property involved in this action, arising out of the same street improvement. This antecedent case was removed by the Southern Railway Company to the United States District Court. The removal was opposed by the City on the ground that Southern Railway—Carolina Division, the owner of the property affected by the lien, was not a party to the proceeding. The District Court, however, assumed jurisdiction of the controversy and on appeal its decision was upheld by the United States Circuit Court of Appeals. That court held that the issue presented involving the validity of the paving lien could be decided in the absence of *Southern Railway—Carolina Division v. City of Orangeburg,* 4 Cir., 134 F. (2d) 890. Following this decision, the District Court heard the parties on the identical question involved in the present appeal, and rendered a decision adverse to the defendants, in which it was held that the paving lien of the city had not expired 55 F. Supp. 167. An appeal to the United States Circuit Court of Appeals resulted in a reversal of the District Court and a dismissal of the action. The Supreme Court of the United States denied a petition for a writ of certiorari.

When this litigation ended in the Federal courts, the Southern Railway upon filing its petition in the Court of Common Pleas, was permitted to intervene in the instant case and set up the defense, along with that of Southern Railway—Carolina Division, relating specifically to the question of whether or not the paving lien had expired. Thereafter, as already stated, the Circuit Court affirmed the findings of the Special Referee, held that the City had lost its lien, and dismissed the action.

The facts bearing upon the issue are not in dispute. The question as to whether the paving lien is barred by lapse of time must be determined from a construction of the laws and ordinances governing such assessment.

The applicable ordinance was adopted by the City Council of Orangeburg on July 12, 1918, pursuant to the authority contained in Article X, Section 16 of the Constitution of South Carolina, and Act No. 345 of the General Assembly of the state, Act March 11, 1915, 29 Stat. at Large, Page 586. The constitutional provision empowered the General Assembly to authorize the corporate authorities of the City of Orangeburg to levy assessments upon abutting property for the purpose of paying for permanent improvements on streets upon certain conditions, which are set forth in the constitutional amendment.

Section 1 of the ordinance adopted in pursuance of these enactments provides, *inter alia,* that an assessment be levied upon any property in the city immediately upon the commencement of permanent improvements upon abutting streets, and that the assessment against the property owner shall be paid in the following manner: "Each owner of the property so assessed may within thirty days after the completion and acceptance by City Council of such improvement immediately abutting the property of such owner, pay into the city Treasury the full amount of said assessment, or shall have the right *   *   * in case of the improvement of streets to have such assessment divided into ten equal payments;

the first installment thereof shall be due thirty days after the date of the completion and acceptance by City Council of such improvement immediately abutting his property, and the remaining installments shall be due in equal amounts, due respectively in one, two, three, four, five, six, seven, eight and nine years from the date of the first installment, with interest on such installments, from the date of the first installment, at the rate of six per cent per annum, payable annually until paid in full, provided that such owner in either of such cases shall have the right at any time to anticipate any or all of such installments."

Section 2 of the ordinance provides: "That all assessments hereby levied shall be a lien upon the property so assessed, and payment thereof shall be enforced in the same manner and with the same costs as the collection of the city taxes is now enforced. All such assessments shall be entered in a book to be kept by the City Clerk and Treasurer, which book shall be entitled 'Assessment Liens,' and which shall state the name of the owner of the property, its location, the amount of the assessment, the time or times for payment, and the payments made. Such lien shall continue from the date of the entry of the same on such assessment lien book, until five years after the date provided for the final payment, unless sooner paid."

The petition of the abutting owners of the property on which the assessment in this suit was levied, was filed April 10, 1925. On July 20, 1925, the Southern Railway Company in the action in the Federal Court involving the same question, served notice on the city that it objected to the paving, regarded the assessment as invalid, and refused to pay it. Thereafter the pavement was laid and accepted by the city by entry in the assessment book on December 16, 1926. Consequently, under Section 2 of the ordinance the lien of the assessment upon the abutting property came into being on that day and continued "until five years after the date provided for the final payment, unless sooner paid."

Section 2 of the ordinance provides: each owner of assessed property may within thirty days after the completion and acceptance of the improvement pay the full amount of the assessment, or shall have the right to have it divided into ten equal payments, the first to be due thirty days after the completion and acceptance of the improvement, and the remaining nine installments to be due in equal amounts annually. In this case, the thirty days after the completion and acceptance of the work expired on January 15, 1927, and the due date of the last payment under the installment plan was January 15, 1936. The question for decision, therefore, is whether the five-year period, during which the lien is kept alive by Section 2 of the ordinance, runs from January 15, 1927 or from January 15, 1936. If the period runs from the earlier date, the present suit, which was filed January 14, 1941, was brought too late.

By agreement of counsel, the opinion rendered by the United States District Court, 55 F. Supp. 167, adverse to the defendants, and the decision of the United States Circuit Court of Appeals, 4 Cir., 145 F. (2d) 725, reversing the District Court, are incorporated in the record in this case. And of course both of these Federal decisions were before the Court of Common Pleas. In reaching their opposite conclusions, the United States District Court and the United States Circuit Court of Appeals construed and applied the pertinent decisions of the Supreme Court of this state.

The District Judge construing the Orangeburg ordinance in the light of the South Carolina decisions, held that although the Southern Railway Company had failed to exercise the option to pay the assessment in installments, the date from which the five-year period began to run was the date for the tenth and last payment under the installment plan. In reaching this conclusion the District Court largely relied, as does the City, on the case of *Town of Cheraw v. Turnage,* 184 S. C. 76, 191 S. E. 831. In overruling the District Court, the United States Circuit Court of Appeals

stated [145 F. (2d) 727]: "We do not think that this conclusion is tenable. It is true that the ordinance gives the property owner, who recognizes the validity of the assessment and is willing to pay it, the choice of paying in full within thirty days from the acceptance of the work or of paying in ten annual installments; but it is not reasonable to conclude in the case of a property owner, who denies all liability, that the city cannot sue for the full amount thirty days after the work has been accepted, but can only sue for each installment, as it becomes due under the installment plan, over a period of nine years. Indeed we think that in any case, whether the property owner has refused to pay the assessment or not, the whole assessment is due at the end of the thirty-day period and the limitations began to run from that point of time, unless the property owner affirmatively exercises the right to pay in installments."

This was the interpretation placed by the Supreme Court of this state in *Cleveland v. City of Spartanburg*, 185 S. C. 373, 194 S. E. 128, upon an ordinance of similar character in deciding a similar question of limitations. And, in our opinion, the present case is ruled by the Spartanburg decision. Section 3 of the Spartanburg ordinance provides that the lien of the paving assessment should continue from its entry on the assessment book until the expiration of five years from the date when the final payment was due. Section 4 of the ordinance provides: "When said assessment roll has been ratified in the manner above prescribed, each owner of property so assessed may within thirty days after such ratification, pay into the City Treasury the full amount of said assessment, or shall have the right to have such assessment divided into five equal payments, the first installment thereof shall be due thirty days after the date of the ratification of the assessment roll by the City Council, and the remaining installments shall be due in equal amounts, due respectively in one, two, three and four years from the date of the first installment, with interest on such install-

ments at the rate of six per cent per annum, payable annually from date until paid in full."

Construing the Spartanburg ordinance we stated, 185 S. C. 373, 194 S. E. 128, 136:

"It is argued on behalf of the city that the failure of the plaintiff to pay the whole amount of the assessment within 30 days is a substantive fact, evidencing her desire to take advantage of her right to pay in installments. The words 'right to have' (Section 4 of the ordinance), with reference to installment payments, contemplate some positive action on the part of the property owner evidencing a choice of option. Nonaction on the part of the property owner does not indicate an election, nor does such inaction, under these circumstances, give to the city the right to make an election for the property owner. Under the ordinance, this right resided in the plaintiff, and it could be given vitality only when she chose to exercise it by complying with the ordinance provisions which conferred it. She did not do so. The ordinance laid no compulsion upon her to do so; nor does it give the city, in the absence of her agreement and compliance, the right to arbitrarily place her in the deferred payment class. Upon her failure to adopt the installment payment plan, which was optional with her, the whole amount of the assessment became payable within the 30-day period allowed. When she failed to pay it, the city's cause of action accrued.

"Under the ordinance, the plaintiff could have adopted either course, but she did neither, and, in our opinion, the city's right of action accrued at the end of the 30-day period, and the life of the lien expired 5 years thereafter, to wit, in 1933."

We are in agreement with the view expressed in the opinion of the United States Circuit Court of Appeals, 145 F. (2d) 725, that the decision in the Spartanburg case is conclusive of the question under consideration, unless that case can be distinguished on other grounds.

As pointed out by the Circuit Court of Appeals, it was suggested in the opinion of the United States District Court, 55 F. Supp. 167, as a distinguishing feature, that the enabling statute, Act of February 13, 1912, Vol. 27 Stat. at Large, Page 557, and the ordinance in the Spartanburg case contemplated that the property owner must make an initial payment of one fifth of the amount of his assessment in order to take advantage of the deferred payment plan. But we do not find this provision in the enabling Act.

The City of Orangeburg contends, however, that such a condition is imposed by Section 6 of the Spartanburg ordinance. This section refers to the unpaid installments of property owners who select the deferred payment plan, and provides that the city shall issue assessment certificates for the assessments remaining unpaid at the expiration of the time for the payment of assessments in full. It is further provided in Section 6 of the Spartanburg ordinance that the certificates shall contain the statement that the assessment has been levied in compliance with the law and that "owners of the property abutting improvements have acknowledged their indebtedness to the city by the payment in cash of one-fifth of the total assessment against their property as required by law and will accept from the City Council of Spartanburg, South Carolina, as provided in an Act of the legislature of the same state, the privilege of paying the amount still due in four equal annual installments, with interest at 6 per cent per annum."

We referred to this language of the Spartanburg ordinance in *Cleveland v. City of Spartanburg, supra,* as further evidence that the enabling Act and the ordinance provided an alternative method of payment.

The City of Orangeburg argues that the Spartanburg decision was based upon a legislative requirement which is absent from the Orangeburg ordinance and hence the Orangeburg property owner is under no compulsion to manifest his selection of the installment plan in any way, but has the right,

free from any condition, to pay the assessment by either method. It is therefore urged that the Orangeburg ordinance should be construed so as to give a longer life to the lien for the benefit of the city, and a longer time to the property owner to pay his debt.

In making this contention the City of Orangeburg strongly relies upon the case of *Town of Cheraw v. Turnage*, 184 S. C. 76, 191 S. E. 831, in which it was provided by the assessment ordinance that payment should be made in ten installments and that, upon default in the payment of any installment, the total amount of the assessment unpaid should immediately become due and collectible. It was held that this accelerating clause was not automatic, but optional with the city and that unless the city should declare the whole balance of the assessment to be due, the installment arrangement continued in effect and limitations did not begin to run until the due date of the last installment.

In the case before us, the ordinance contains no acceleration provision. In our opinion, the United States Circuit Court drew the sound and correct conclusion and clearly stated the controlling principle which differentiates the Spartanburg case from the Cheraw case. That Court said; 145 F. (2d) 725, 728, 729: "In our opinion the present case is ruled by the Spartanburg rather than the Cheraw decision. In both of these cases an option was granted to become effective when exercised by the party for whose benefit it was created. In the Spartanburg case the option to pay on th₄ installment plan was a privilege granted to the *property owner* and he alone had the power to decide whether he would exercise it or not. It was therefore necessary for him to indicate his choice by the affirmative act of paying the first installment. In the Cheraw case the ordinance provided that the assessment should be paid in installments and the option was given to *the city* to declare the whole unpaid balance of an assessment to be due in case the property owner should default in the payment of any assessment; and it was

necessary for the city to exercise its right by making a declaration that because of the default the whole balance of the assessment was due." (Emphasis added.)

In the case at bar it is clear, as observed by the Circuit Court, that the assessment was payable in full in thirty days, but the property owner was given the option to pay it on the deferred payment plan, and only he could exercise that option by paying the first installment within thirty days after the completion of the work. As was said in the Spartanburg case, non action on the part of the property owner did not indicate an election or give the city the right to make an election. That right resided in the property owner and could be given vitality only when exercised by him.

The provision of Section 6 of the ordinance in the Spartanburg case, which has no counterpart in the ordinance in the pending case, does not in any way modify or vitiate this conclusion. That provision, as pointed out in *Southern Railway Co. v. City of Orangeburg,* 4 Cir., 145 F. (2d) 725, was not an enactment that the property owner must pay the first installment in order to get the privilege of the deferred payment plan. It was a statement or certificate that the property owner had made such a payment and thereby evidenced his acceptance or choice of that privilege. The decision in the Spartanburg case would have been the same even if Section 6 had been omitted from the ordinance. Since the right to exercise the option resided in the property owner alone, it was necessary for him to exercise it in some affirmative fashion.

We affirm the judgment of the Court of Com non Pleas of Orangeburg County upon the ground announced in its judgment, that the suit is barred by limitations.

Questions related to the issue before us were determined in *Johns v. Town of Allendale,* 204 S. C. 44, 28 S. E. (2d) 533, and *Barker v. Town of Allendale,* 203 S. C. 149, 26 S. E. (2d) 393, but a reading and analysis of those cases will

show a factual situation unlike that in the pending case. In this case, it is clearly disclosed that the option to pay on the deferred payment plan was a privilege and right granted to the railroad company, and since the option resided in the company alone, it was necessary for it to choose the deferred payment plan before the City could divide the assessment into installments. As stated, the whole of the assessment became payable within the thirty-day period allowed. When the property owner failed to pay it, the city's cause of action accrued, and the statute of limitations commenced to run.

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.